**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **EP:25-CR-02262(1)-LS** |
| | § | |
| **VICTOR PINEDA PAZ** | § | |

**DEFENDANT'S MOTIONS IN LIMINE**

Defendant Victor Pineda Paz, by and through the undersigned counsel, hereby submits the following motions in limine.

**A. MR. PINEDA PAZ'S MOTIONS IN LIMINE**

Mr. Pineda Paz reasonably believes the Government may try to introduce evidence of various matters having low to no probative value while at the same time possessing a high potential for unfair prejudice which no instruction could cure, as described below. Mr. Pineda Paz therefore moves to exclude such evidence or preclude such questions. At the very least, Pineda Paz asks the Court to require the Government to approach the bench and obtain a ruling before making the same known to the jury in any form.

**1. Veracity of Government Witnesses**

An accused has no obligation to testify at trial and bears no burden of proof at trial. U.S. CONST. amend. V. Sometimes an accused does choose to testify, or to present witnesses in his behalf. Testimony from the accused or his witnesses may contradict testimony given by Government witnesses. In these circumstances, prosecutors have been known to ask the accused or the defense witness whether the Government witness was "lying" when he or she gave the contrary testimony. Because this "lying" question is an improper one, Mr. Pineda Paz asks the

Court to direct the prosecutor to refrain from any question asking whether the accused or a defense witness believes a Government witness is truthful or untruthful.

This form of question is improper at a number of levels. First, such a question invades the province of the jury in making credibility determinations at trial. *See, e.g.*, *United States v. Hernandez,* 891 F.2d 521, 526 (5th Cir. 1989). In asking the accused, or a defense witness, to judge the credibility of the Government agent, the prosecution improperly induces a witness to testify that another witness, and in particular a government agent, has lied on the stand. *United States v. Boyd,* 54 F.3d 868, 871 (D.C. Cir. 1995); *see also United States v. Sanchez,* 176 F.3d 1214, 1218-20 (9th Cir. 1999) (same); *United States v. Sullivan,* 85 F.3d 743, 749-50 (1st Cir. 1996) (same); *United States v. Richter,* 826 F.2d 206, 208-09 (2d Cir. 1987).

Second, this form of question before a jury suggests testimony by Government witnesses is presumptively correct and the burden is on the defense to rebut such testimony. Any transfer of the burden to prove or disprove evidence violates the basic tenet that the Government must prove each element of the charged offense beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364 (1970).

Third, this form of question seeks to elicit testimony outside the witness' personal knowledge. Rule 602 provides that a witness may not testify to a matter, unless he has personal knowledge of the matter. *See United States v. Davis,* 792 F.2d 1299, 1304 (5th Cir. 1986) (discussing Rule 602). An accused or a defense witness lacks personal knowledge of a Government witness's state of mind and therefore cannot appropriately respond to questions as to the veracity of a Government witness. Such a question similarly violates Rule 701 as an improper opinion lacking personal knowledge.

Finally, this line of question detracts from the fundamental fairness and integrity of the trial. It is "improper for the prosecutor to question [a defendant] about whether [a government] agent . . . [is] lying." *United States v. Combs*, 379 F.3d 564, 572 (9th Cir. 2004). Should the outcome of the trial rest on credibility estimations of witnesses, the inherently detrimental nature of this form of question can inject a defect of constitutional magnitude into the proceedings. *Id.* As such, questions directing defense witnesses to comment on the veracity of government witnesses have no place in a criminal trial.

In light of the foregoing, the Government should be directed to refrain from presenting questions of this nature to defense witnesses and Mr. Pineda Paz

### 2. Reputation Testimony

Mr. Pineda Paz anticipates that the Government may try to elicit testimony about his reputation or a predilection towards unlawful conduct. Such testimony is inadmissible as irrelevant to the elements charged and unfairly prejudicial. *See* FED. R. EVID. 402, 403. Further, evidence of a defendant's reputation in the community is only admissible to show a defendant's character on rebuttal if the defendant first offers evidence of his reputation for good character. *Michelson v. United States*, 335 U.S. 469, 475 (1948); *see* FED. R. EVID. 405(a).

Accordingly, any evidence of Mr. Pineda Paz's reputation is inadmissible in the Government's case-in-chief, and Mr. Pineda Paz requests the Court order the Government to instruct its witnesses to refrain from such reputation testimony.

### 3. Evidence or Testimony not Timely Provided or Noticed in Discovery

Mr. Pineda Paz anticipates that the Government may attempt to introduce evidence not timely provided in discovery and requests that any such materials be excluded, pursuant to Federal Rule of Criminal Procedure 16 and the Local Rules. This includes, but is not limited to, expert reports or testimony not already Noticed pursuant to Federal Rule 16(a)(1)(G). Mr. Pineda Paz

asks that all such materials that have not been timely provided in discovery pursuant to Rule 16, be excluded from trial. In the alternative, Mr. Pineda Paz asks that the Court order the Government to immediately disclose those materials or make them available for inspection.

### 4. Rule 404(b) Evidence

Mr. Pineda Paz anticipates that the Government may attempt to introduce inadmissible character evidence. However, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(b)(1). Such evidence may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. FED. R. EVID. 404(b)(2). The Fifth Circuit applies a two-step test for the admissibility of 404(b) evidence. *See United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). First, the evidence must be relevant to an issue other than the defendant's character. *See id*. Second, the probative value of the evidence must not be substantially outweighed by its undue prejudice. *See id*. As a predicate to the question of relevancy, the Government must offer sufficient proof demonstrating that the extrinsic evidence occurred. *See id*. at 912-13.

Accordingly, Mr. Pineda Paz asks that the Court exclude any evidence of prior crimes, wrongs, or other acts, offered to show a propensity to commit the instant offense.

### REQUESTED RELIEF AND PROCEDURAL MATTERS

Mr. Pineda Paz would be prejudiced by any mention of these matters before the jury, even if an objection is later sustained and an instruction to disregard issued, as they are the sort of thing which no instruction could remove from the jury's minds. Mr. Pineda Paz requests that the Court order the Government and its witnesses not to reference any of the above-described matters before the jury and to redact any references in documentary evidence to any of the above matters unless

the Court has previously ruled it admissible. The Government should be required to approach the bench and obtain a ruling before placing any of such matters before the jury in any way, whether through testimony, argument, objections, voir dire examination, or otherwise.

WHEREFORE, PREMISES CONSIDERED, Mr. Pineda Paz prays that this Court order the Government and its witnesses not to allude to any of the above matter without first obtaining the Court's ruling as to admissibility outside the hearing of the jury; and that the Court will exclude such evidence at trial

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender


/S/
MANUEL ACOSTA-RIVERA
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Mr. Pineda Paz*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March, 2026, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to AUSAs James Watson, Scott Wisniewski, and Stanley Michael Serwatka, Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.


/S/
MANUEL ACOSTA-RIVERA
*Attorney for Mr. Pineda Paz*

5

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **EP:25-CR-02262(1)-LS** |
| | § | |
| | § | |
| **VICTOR PINEDA PAZ** | § | |

### ORDER ON DEFENDANT'S MOTIONS IN LIMINE

On this day, came on for hearing the Defendant's Motions in Limine, and after considering the same and arguments of counsel, the following orders will enter:

IT IS HEREBY ORDERED that:

**A. <u>Defendant's Motions in Limine</u>**

1. <u>Veracity of Government Witnesses</u>

   GRANTED _____ MODIFIED AND GRANTED _____       DENIED _____

2. <u>Reputation Testimony</u>

   GRANTED _____ MODIFIED AND GRANTED _____       DENIED _____

3. <u>Evidence or Testimony not Timely Provided or Noticed in Discovery</u>

   GRANTED _____ MODIFIED AND GRANTED _____       DENIED _____

4. <u>Rule 404(b) Evidence</u>

   GRANTED _____ MODIFIED AND GRANTED _____       DENIED _____

**SO ORDERED** this ____ day of _____, 2026.

_____
LEON SCHYDLOWER
UNITED STATES DISTRICT JUDGE