**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No.  3:25-CR-02262-LS** |
| | § | |
| **VICTOR PINEDA PAZ,** | § | |
| | § | |
| *Defendant.* | § | |

## JURY INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

<u>DUTY TO FOLLOW INSTRUCTIONS</u>

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

<u>PRESUMPTION OF INNOCENCE,</u>
<u>BURDEN OF PROOF, REASONABLE DOUBT</u>

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

<u>EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE</u>

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## EVIDENCE – INFERENCES
## DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

<u>CREDIBILITY OF WITNESSES</u>

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses, including the defendant, who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying

for one side on that point. You will always bear in mind that the law never imposes upon a

defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near August 21, 2025, the date stated in the indictment.

<u>CAUTION—CONSIDER ONLY CRIME CHARGED</u>

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

<u>CAUTION—PUNISHMENT</u>

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

LIMITING INSTRUCTION REGARDING PRIOR CRIMINAL ACTIVITY

You heard testimony that Agent Larios heard from dispatch that the defendant had prior criminal history. Such testimony is not evidence that the defendant committed the crime in question. You may consider that the agent testified that his conduct on the scene was based on this reported information. You may not consider this evidence for any other purpose.

ELEMENTS OF THE OFFENSE
ASSAULT OF A FEDERAL OFFICER CAUSING PHYSICAL CONTACT

Title 18, United States Code, Section 111(a)(1) makes it a crime for anyone to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated as a federal officer or employee of the United States or of any agency in any branch of the United States Government (including any member of the uniformed services) while the officer is engaged in the performance of his official duties.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer, as described below;

*Second:* That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with while engaged in the performance of his official duty;

*Third:* That the defendant did such acts intentionally; and

*Fourth:* That such acts involved physical contact with the officer.

The term "forcible assault" means any intentional attempt or threat to inflict injury upon someone else when a defendant has the apparent present ability to do so. This includes any intentional display of force that would cause a reasonable person to expect immediate bodily harm, regardless of whether the victim was injured, or the threat or attempt was actually carried out.

You are instructed that a Border Patrol Agent is a federal officer. "Engaged in the performance of his official duty" means acting within the scope of what the agent is employed to do. The test is whether the agent is acting within that compass or is engaging in a personal frolic of his own. The scope of what the agent is employed to do is not defined by whether the officer is

14

abiding by laws and regulations in effect at the time of the incident. Instead, it is what the officer ought to do because of being an officer.

It is not necessary to prove the defendant knew the person being forcibly assaulted was, at that time, a federal officer carrying out an official duty, so long as it is established beyond a reasonable doubt that the person assaulted was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally committed a forcible assault upon that officer.

## LESSER INCLUDED OFFENSE

We have just talked about what the government has to prove for you to convict the defendant of the crime charged in the indictment. Your first task is to decide whether the government has proved, beyond a reasonable doubt, that the defendant committed that crime. If your verdict on that is guilty, you are finished.

But if your verdict is not guilty, or if after all reasonable efforts, you are unable to reach a verdict, you should go on to consider whether the defendant is guilty of Assaulting a Federal Officer. You should find the defendant guilty of Assaulting a Federal Officer if the government has proved, beyond a reasonable doubt, the following elements:

*First:* That the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer, as described below;

*Second:* That the federal officer was forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with while engaged in the performance of his official duty; and

*Third:* That the defendant did such acts intentionally.

The difference between these two crimes is that to convict the defendant of Assaulting a Federal Officer, the government does not have to prove that the act involved physical contact with the officer. This is an element of the greater crime, but not the lesser crime.

Of course, if the government has not proved beyond a reasonable doubt that the defendant committed Assaulting a Federal Officer, your verdict must be not guilty of all of the charges.

16

<u>DUTY TO DELIBERATE</u>

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**